IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRIAN JERMAINE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV741 |
| v. ) | 1:09CR298-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Brian Jermaine Smith, a federal prisoner, brings a Motion [Doc. #22] and Supplement [Doc. #27] to the Motion, seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and received a sentence of 176 months imprisonment based on his status as a career offender. Petitioner contends that his sentence is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for one of the predicate felonies supporting the career offender enhancement. Respondent filed a Motion to Dismiss [Doc. #31] opposing Petitioner's claim.

Having considered Petitioner's contentions, the Court notes that to the extent Petitioner is challenging his career offender sentence, the United States Court of Appeals for

---

[1] Petitioner also states that he filed the Motion under 28 U.S.C. § 2241. The outcome of the case remains the same no matter how the Court considers the Motion.

the Fourth Circuit recently addressed the question of whether such a challenge was cognizable on collateral review, and held that that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review.  United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015).  Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding.[1]

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #31] be granted, that Petitioner's Motion [Doc. #22] to vacate, set aside or correct sentence be denied, and that this action be dismissed.

This, the 3rd day of August, 2015.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Government also contends that Petitioner's claim is barred by the applicable statute of limitations.  It appears that this argument would also defeat Petitioner's § 2255 Motion challenging his career offender designation.  See Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc).  However, the Court need not address that issue in light of Foote's impact on Petitioner's claim.  The Court also notes that the Government maintains that Petitioner is still a career offender in any event, based on a 2007 conviction for common law robbery and a 2005 conviction for bank robbery.  The Court also need not address that issue further, given the Fourth Circuit's decision in Foote.